UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ROBERT LEE FOUNTAIN,<br><br>Defendant. | CRIMINAL ACTION NO.<br>1:22-CR-00403-JPB |

## ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation [Doc. 63]. This Court finds as follows:

## BACKGROUND

In this case, Robert Lee Fountain ("Defendant") is charged with three counts of sex trafficking of a minor, two counts of production of child pornography and one count of distribution of child pornography. [Doc. 28]. On June 7, 2023, Defendant filed a Motion to Suppress Evidence. [Doc. 46]. In the motion, Defendant argued that the seizure of his telephone was illegal because no probable cause existed for his arrest. [Doc. 61, p. 1]. On January 22, 2024, United States Magistrate Judge Justin S. Anand issued a Report and Recommendation in which he recommended denying the Motion to Suppress. [Doc. 63]. Defendant filed objections on February 1, 2024. [Doc. 65].

## LEGAL STANDARD

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and any non-objected-to portion under a "clearly erroneous" standard. Notably, a party objecting to a recommendation "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). Placing this burden on the objecting party "'facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act.'" United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Nettles v. Wainwright, 677 F.2d 404, 409–10 (5th Cir. Unit B 1982)).

## ANALYSIS

As stated above, Defendant filed objections to the Report and Recommendation. The Court notes that Defendant's objections are, in large part, an exact reproduction of the arguments that he raised in his Post-Hearing Brief on Motion to Suppress Evidence. Rather than pointing to contravening law,

2

contradicting evidence or alternative legal analysis that would support a different outcome, Defendant simply repeats, word for word, arguments already presented to and rejected by the Magistrate Judge.  Rehashed arguments do not provide a valid basis for objection.  See, e.g., Jones v. Ford, No. 5:20-CV-00422, 2023 WL 1790082, at *1 (M.D. Ga. Jan. 4, 2023) ("Putting forward the same arguments—particularly in a louder 'voice' couched in more dramatic language—is not sufficient to warrant the Court's consideration."); Albu v. Home Depot, Inc., No. 1:15-CV-00412, 2017 WL 10752731, at *2 (N.D. Ga. Mar. 20, 2017) (finding the plaintiffs' objections to be without merit where they relied "primarily on the same arguments they made to the Magistrate Judge, who exhaustively addressed these arguments and both the persuasive and binding authority on the matter"); Holland v. Colvin, No. 4:14-CV-194, 2015 WL 1245189, at *3 (N.D. Ala. Mar. 18, 2015) (reasoning that objections which merely restate arguments previously presented are general in nature and insufficient to alert the court to alleged errors of the magistrate judge).  Importantly, Defendant has failed to identify where in the Report and Recommendation that the Magistrate Judge purportedly erred.  The Eleventh Circuit Court of Appeals has made clear that for an objection to be valid, an objecting party must "pinpoint those portions of the magistrate's report that the district court must specially consider."  Schultz, 565 F.3d at 1361.

3

Despite the general and improper nature of Defendant's objections, the Court will nevertheless consider Defendant's unsupported argument that the Magistrate Judge "erred by not giving sufficient weight to the lack of any observation of sex trafficking." [Doc. 65, p. 9]. The Court disagrees that the Magistrate Judge gave insufficient weight to any evidence or lack of evidence. Indeed, the Magistrate Judge stated the following:

> That the officers did not literally catch Defendant and J.W.[1] in the act of prostitution or in contact with a customer does not negate mere probable cause. It remains that the officers had witness reports expressly describing Defendant's trafficking of J.W. (from E.W.), documentary evidence (including a commercial sex advertisement of J.W. with Defendant's phone number from just one day earlier), and surveillance observations showing Defendant transporting and bringing J.W. to a motel room that day. This was enough to suggest that Defendant had engaged in, and was even currently engaged in, sex trafficking with J.W.

[Doc. 63, p. 10].

This Court finds that the Magistrate Judge did weigh the evidence both in favor of and against establishing probable cause for Defendant's arrest. In fact, the Magistrate Judge devoted six pages to thoroughly analyzing whether probable cause existed. Id. at 6–11. In sum, given the substantial evidence of sex

---

[1] The Court notes that the Magistrate Judge sometimes refers to J.C. as J.W. in the Report and Recommendation. This appears to be a typographical error. The Court finds that any reference to J.W. was intended to be J.C.

trafficking, probable cause existed even though Defendant was not caught "in the act." To the extent that Defendant objects to the finding of probable cause, the legality of the subsequent seizure of his phone and the validity of his statements during and after the arrest, the objection is **OVERRULED.**

## CONCLUSION

The Court has carefully reviewed the Report and Recommendation and the objections thereto. The Court finds that the Magistrate Judge's factual and legal conclusions are correct, and therefore the Court **APPROVES AND ADOPTS** the Report and Recommendation as the order of the Court. For the reasons stated by the Magistrate Judge, Defendant's Motion to Suppress [Doc. 46] is **DENIED.**

**SO ORDERED** this 28th day of June, 2024.

J. P. BOULEE
United States District Judge